José Monserrate Deliz, Petitioner, *v.* District Court of Aguadilla, Respondent.

No. 1222. Argued December 2, 1940.—Decided January 16, 1941.

*José M. Valentín Esteves* for petitioner. *José Veray, Jr.,* for defendant in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a certiorari proceeding which involves the question of whether in order that a motion filed in the district court to dismiss an appeal taken in an action of unlawful detainer, may be included in the Monday special calendar, it is necessary to affix thereto an internal revenue stamp of the vaule of $5.

The question arose in the district court, thus: In an action of unlawful detainer brought by José Monserrate Deliz against Eduardo Muñoz in the Municipal Court of Aguadilla, judgment was rendered sustaining the complaint, that is, decreeing the eviction.

Feeling aggrieved by that judgment, the defendant, on January 8, 1940, appealed to the district court. On the 27th of the same month, he moved that court to grant an extension of time to file the transcript of record, and affixed a $5 stamp to his motion. The transcript was filed on March 11, 1940, and on the 28th of the following June the plaintiff-appellee presented a motion to dismiss the appeal.

At this stage, on July 22, 1940, said plaintiff-appellee applied to this court to have his motion for dismissal "included in the special calendar of motions and demurrers, of next Monday the 29th instant, for hearing and determination by this Hon. Court," adding:

"4. That the plaintiff-appellee has not affixed to, nor canceled on, this application for setting any internal revenue stamp, because according to the latest decisions of the Hon. Supreme Court, he is exempt from the payment of any calendar fees in cases of this character." (He cited the case of *Falto* v. *Court,* 56 P.R.R. 286.)

And the court decided:

"In the case of *Falto* v. *Court, supra,* it was held that, according to the provisions of section 2 of Act No. 38 of 1931, approved without any modification of its provisions as originally construed by the

Supreme Court, the plaintiff in a proceeding is not obliged to cancel the five dollars internal revenue stamp required by subdivision 'C' of section 2 of Act No. 17 of 1915 (Session Laws, p. 45) in order to obtain the entering and setting of the case on the calendar for hearing. By said Act No. 38 of 1931 (Session Laws, p. 356), two special calendars were created: for the hearing of motions and demurrers on Monday of each week, and for the hearing of *ex parte* matters, special legal proceedings, contested summary proceedings, and judgments by default, on Friday of each week.

"In the cases comprised in section 2 of Act No. 38 of 1931, that is, those pertaining to the Friday calendar, the act does not require the affixing of any internal revenue stamp for their inclusion in such calendar, and as the Supreme Court considers that the preliminary hearing in an unlawful detainer proceeding falls within that kind of calendar, it is clear that the plaintiff is not bound to pay any calendar fee; but inasmuch as what the plaintiff seeks to obtain is the hearing and argument of the motion which he filed to dismiss the appeal, his application falls within the first section of Act No. 38 of 1931, which clearly and specifically provides that an applicant shall affix to his application for inclusion in the calendar of motions and demurrers an internal revenue stamp, in accordance with the schedule, and hence it is clear that the plaintiff is not exempt from the payment of the fee, and he must, therefore, affix to his application a five- dollar internal revenue stamp as required by the schedule in force."

It was then that the plaintiff-appellee resorted on certiorari to this Supreme Court. The writ was issued. The hearing, set for December 2, 1940, was held without the appearance of the parties.

The holding in the case of *Hamburger Bros. & Co.* v. *District Court*, 38 P.R.R. 352, was that "no fee shall be required for entering a case on the Friday special calendar created by Act No. 94 of 1917 (1919, p. 18), and setting it for trial." Here, as we have seen, the Monday calendar, and not the Friday calendar, is involved.

Nearly six years after the decision in the *Hamburger* case, *supra,* this court in *Badillo* v. *Hidalgo,* 46 P.R.R. 334, 336, said:

"Act No. 38, approved in 1931, to which the appellant refers, is identical with Act No. 94, approved in 1917, which, among others,

was declared void by the Federal Circuit Court in Boston. The latter act was interpreted by this court in the case of *Hamburger Bros. & Co.* v. *District Court of San Juan*, 38 P.R.R. 352, and what we said there can be applied to the law now in force.

"Prior to the approval of this law concerning special calendars, there was no other calendar than the general. To-day there are two additional calendars, both of special character: one for the hearing of motions and demurrers on Monday of each week upon petition of any of the parties to a pending suit, and another for the hearing of *ex parte* matters, special legal proceedings, contested summary proceedings, and hearings on default cases, on Friday of each week. For inclusion in the Monday calendar for motions and demurrers in a pending suit it is necessary to cancel an internal revenue stamp in accordance with the schedule; for matters which are to be heard on Friday of each week no fee is required."

After the lapse of approximately six years, the question was again presented to this court—on occasion of an unlawful detainer proceeding—in the case of *Falto* v. *Court*, 56 P.R.R. 286, and this court, to quote from the syllabus, held:

"Unlawful detainer proceedings are not covered by the provisions of Act No. 94 of 1917, as promulgated in 1919 (Session Laws of 1917 (2), p. 18) and approved again in 1931 (Act No. 38 of 1931) without any modification of the provisions already construed by this court. Therefore, it is not the duty of the plaintiff in said proceeding to cancel the $5 excise stamp as provided in paragraph C of section 2 of Act No. 17 of 1915, in order to obtain the docketing and inclusion of his case in the calendar for a hearing."

In the *Falto* case, *supra*, the Monday calendar was not involved either. It being considered that an unlawful detainer proceeding was included among the matters which according to the statute—section 2 of Act No. 38 of the 1931—should be heard on Fridays, it was held that in order to obtain the inclusion in the calendar of that day of the unlawful detainer proceeding for hearing it was not necessary to pay any fee. So that up to the present this court has not specifically decided any case identical with or similar to the one which we have now before us.

It seems, indeed, unjust, that in order to include an unlawful detainer proceeding in the calendar for hearing on the merits no fee should have to be paid whereas to include a motion for dismissal on the same case in the calendar for hearing, such payment should be required. However, after a careful study of the law and the decisions we fail to see that any other conclusion could be reached.

There was pending before the district court a suit, whether it was an unlawful detainer proceeding or not. The law makes no distinction. In it there was presented by one of the parties—the plaintiff—a motion. And that party asked that the motion be included in the Monday calendar for hearing.

Such being the case, it must be held that the same is fully covered by the first section of the statute—Act No. 38 of 1931 (Session Laws, p. 356)—which expressly requires the payment of the corresponding schedule fee. This, moreover, seems to be the uniform construction adopted by the district courts of the Island on this point. At least it is the one adopted by the District Court of San Juan, in addition to that of Aguadilla.

As we have reached the foregoing conclusions, the writ issued must be discharged and the case remanded to the district court for further proceedings according to law.